IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **ORLANDO C. BURRIES,** | ) | **CASE NO. 8:08CV339** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| **JEFFERY L. NEWTON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Plaintiff filed his Complaint in this matter on July 31, 2008. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff filed his Complaint in this matter on July 31, 2008, against the Director of Douglas County Corrections, Jeffery L. Newton. (Filing No. 1 at CM/ECF pp. 1-2.) Plaintiff is currently confined at the Douglas County Correctional Center. (*Id.* at CM/ECF p. 2.)

Condensed and summarized, Plaintiff alleges that Defendant Newton placed him in administrative segregation and will not release him. (*Id.* at CM/ECF pp. 5-6.) Plaintiff alleges that Defendant Newton released "a lot of inmate's [sic] . . . [from] A/S before [Plaintiff]" even though Plaintiff has "no write up[s] or problems." (*Id.* at CM/ECF p. 6.) Plaintiff states that he has experienced "mental stress for being lock[ed] down [for] 23 hours . . . a day . . . ." (*Id.* at CM/ECF p. 7.) Plaintiff seeks injunctive relief in the form of a court order that places him "back into the population," as well as monetary damages for "mental abuse and stress." (*Id.* at CM/ECF p. 7.)

## II.     APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.,* 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law.

2

*West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

#### A. Plaintiff's Due Process Claim

Liberally construed, Plaintiff alleges Defendant deprived him of the right to be in the general prison population without due process. The Due Process Clause by itself does not accord a prisoner a liberty interest in remaining in the general population. *Lekas v. Briley*, 405 F.3d 602, 607 (7th Cir. 2005). Rather, prison officials must receive "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979).

Accordingly, the Eighth Circuit has held that an inmate "does not have a constitutional right to a particular prison job or classification." *Sanders v. Norris*, 153 Fed. Appx. 403, 404 (8th Cir. 2005); *Hartsfield v. Dep't of Corr.*, 107 Fed. Appx. 695, 696 (8th Cir. 2004) (unpublished per curiam decision) (stating that inmate has "no liberty interest in a particular classification"). Thus, the question remains whether a liberty interest exists which was created by state law. To demonstrate a liberty interest created by state law, "[a]n inmate who makes a due process challenge to his segregated confinement must make a threshold showing that the deprivation of which he complains imposed an atypical and significant hardship." *Portley-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002) (internal quotations omitted); *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

The Eighth Circuit has consistently held that "administrative and disciplinary segregation are not atypical and significant hardships[.]" *Portley-El*, 288 F.3d at 1065; *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) ("We have consistently held that a demotion to segregation, even without cause, is not itself an atypical and significant hardship."). However, under certain circumstances, prolonged confinement in administrative segregation can rise to the level of an atypical and significant hardship. *See Williams v. Norris*, 277 Fed.Appx. 647, 648 (8th Cir. 2008) (holding that an inmate's twelve years in administrative segregation confinement constituted an atypical and significant hardship); *Shoats v. Horn*, 213 F.3d 140, 144 (3d Cir. 2000) (holding that inmate's almost eight years in administrative custody was "atypical" and he had protected liberty interest); *Herron v. Schriro*, 11 Fed.Appx. 659, 661-62 (8th Cir. 2001) (unpublished per curiam decision) (affirming district court's finding that inmate's lengthy administrative segregation confinement, more than thirteen years, resulted in atypical hardship in relation to ordinary incidents of prison life, and defendants could not continue to deprive inmate of general population status without affording him due process).

Here, Plaintiff alleges that he is confined in administrative segregation, but fails to allege the duration of his confinement or other facts sufficient to suggest that his segregation status is atypical and a significant hardship. (Filing No. 1 at CM/ECF pp. 5-6.) As mentioned above, confinement in administrative segregation, by itself, is not an atypical and significant hardship. Thus, Plaintiff has not alleged sufficient facts to meet the threshold requirement to challenge his segregation status under the Due Process Clause. However, on the court's own motion, Plaintiff shall have 30 days in which to amend his

Complaint to clearly state a Due Process claim against Defendant upon which relief can be granted. Any amended complaint shall restate the allegations of Plaintiff's current Complaint (Filing No. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

  B. Plaintiff's Equal Protection Claim

To prevail on an equal protection claim, a prisoner-plaintiff must allege that he is treated differently than a similarly situated class of inmates, that the different treatment burdens one of his fundamental rights, and that the different treatment bears no rational relation to any legitimate penal interest. *See, e.g.,* [Weiler v. Purkett, 137 F.3d 1047, 1051-52 (8th Cir. 1998)](#) (en banc) (reversing denial of summary judgment on qualified immunity grounds).

Here, Plaintiff alleges he is being treated differently than other inmates, because Defendant Newton released several inmates from administrative segregation before him. (Filing No. 1 at CM/ECF pp. 7-6.) Liberally construed, Plaintiff has alleged facts sufficient to suggest that he is being treated differently than similarly situated inmates. However, Plaintiff has not alleged that his different treatment burdened one of his fundamental rights, or that it bears no rational relationship to any legitimate penal interest. As such, Plaintiff has failed to properly allege an equal protection claim against Defendant. However, on the court's own motion, Plaintiff shall have 30 days in which to amend his Complaint to clearly state a claim against Defendant upon which relief can be granted. Again, any amended complaint shall restate the allegations of Plaintiff's current Complaint (Filing No. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **November 24, 2008,** to amend his Complaint to clearly state a claim upon which relief can be granted against Defendant, in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, Plaintiff's claims against Defendant will be dismissed without further notice for failure to state a claim upon which relief may be granted;

2. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (Filing No. 1), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims;

3. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **November 24, 2008**.; and

4. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

DATED this 23rd day of October, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge