IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **ORLANDO C. BURRIES,** | ) | CASE NO. 8:08CV339 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| **JEFFERY L. NEWTON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court on its own motion. On October 23, 2008, the court conducted an initial review of Plaintiff's Complaint and found that Plaintiff failed to state a claim upon which relief may be granted. (Filing No. 8.) However, the court permitted Plaintiff the opportunity to amend. With respect to Plaintiff's due process claim, the court noted that:

> Plaintiff alleges that he is confined in administrative segregation, but fails to allege the duration of his confinement or other facts sufficient to suggest that his segregation status is atypical and a significant hardship. (Filing No. 1 at CM/ECF pp. 5-6.) As mentioned above, confinement in administrative segregation, by itself, is not an atypical and significant hardship. Thus, Plaintiff has not alleged sufficient facts to meet the threshold requirement to challenge his segregation status under the Due Process Clause.

(Filing No. 8 at CM/ECF p. 4.) With respect to Plaintiff's equal protection claim, the court noted that:

> Plaintiff has alleged facts sufficient to suggest that he is being treated differently than similarly situated inmates. However, Plaintiff has not alleged that his different treatment burdened one of his fundamental rights, or that it bears no rational relationship to any legitimate penal interest.

(*Id.* at CM/ECF p. 5.)

Plaintiff filed an Amended Complaint on November 20, 2008. (Filing No. 11.) The court has carefully reviewed the Amended Complaint and finds that Plaintiff may proceed on his equal protection claim but that his due process claim must be dismissed.

Plaintiff alleges that he was placed in administrative segregation from May 28, 2008, through July 11, 2008. (*Id.* at CM/ECF p. 4.) As set forth in the court's previous Memorandum and Order, "administrative and disciplinary segregation are not atypical and significant hardships[.]" *Portley-El*, 288 F.3d at 1065; *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) ("We have consistently held that a demotion to segregation, even without cause, is not itself an atypical and significant hardship."). However, under certain circumstances, prolonged confinement in administrative segregation can rise to the level of an atypical and significant hardship. *See Williams v. Norris*, 277 Fed.Appx. 647, 648 (8th Cir. 2008) (holding that an inmate's twelve years in administrative segregation confinement constituted an atypical and significant hardship); *Shoats v. Horn*, 213 F.3d 140, 144 (3d Cir. 2000) (holding that inmate's almost eight years in administrative custody was "atypical" and he had protected liberty interest); *Herron v. Schriro*, 11 Fed.Appx. 659, 661-62 (8th Cir. 2001) (unpublished per curiam decision) (affirming district court's finding that inmate's lengthy administrative segregation confinement, more than thirteen years, resulted in atypical hardship in relation to ordinary incidents of prison life, and defendants could not continue to deprive inmate of general population status without affording him due process).

Here, Plaintiff was confined in administrative segregation for less than two months. This is not an atypical or significant hardship. As such, Plaintiff's due process claim is

dismissed for failure to state a claim upon which relief may be granted. Service is warranted as to Plaintiff's equal protection claim only.

IT IS THEREFORE ORDERED that:

1. Plaintiff's due process claim is dismissed;

2. Plaintiff's equal protection claim against Defendant may proceed and service is now warranted as to that claim only;

3. To obtain service of process on Defendant, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send ONE (1) summons form and ONE (1) USM-285 form to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur;

4. Upon receipt of the completed forms, the Clerk of the court will sign the summons form, to be forwarded with a copy of the Amended Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Amended Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Amended Complaint, and Plaintiff does not need to do so;

5. Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process;

6. Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint;

7. The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "**June 22, 2009:** Check for completion of service of summons;" and

8. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current

    address at all times while this case is pending. Failure to do so may result in dismissal.

DATED this 20th day of February, 2009.

                                  BY THE COURT:

                                  s/Laurie Smith Camp
                                  United States District Judge